UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LIVINGSTONE on behalf of himself and other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>RANCHO SANTA FE FIRE PROTECTION DISTRICT,<br><br>Defendant. | Case No.: 22-CV-602 JLS (NLS)<br><br>**ORDER (1) GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND (2) DISMISSING ACTION WITH PREJUDICE**<br><br>(ECF No. 17) |

Presently before the Court is Plaintiffs David Livingstone and Bret Davidson (collectively, "Plaintiffs") and Defendant Rancho Santa Fe Fire Protection District's ("Defendant" or the "District") Joint Motion for Approval of Fair Labor Standards Act ("FLSA") Settlement and Dismissal of Action with Prejudice ("Joint Mot.," ECF No. 17). Having considered the Parties' arguments and the law, the Court **GRANTS** the Joint Motion and **DISMISSES WITH PREJUDICE** the action for the reasons that follow.

## BACKGROUND

Plaintiffs Livingstone and Davidson were employed by the District as battalion chiefs. *See* Joint Mot at 2. Plaintiffs allege that Defendant "improperly treated employees who held the rank of battalion chief as exempt from overtime compensation under the

FLSA and failed to compensate Plaintiffs for all overtime hours worked at time and one-half their regular rates of pay." *Id.* Plaintiffs seek three years of back wages for the alleged violations, liquidated damages, and reasonable attorneys' fees and costs. *Id.* Following an Early Neutral Evaluation Conference on October 12, 2022, with Magistrate Judge Nita L. Stormes,[1] the Parties agreed to settle the dispute under the following terms: Defendant will pay $39,293.68 to Plaintiff Livingstone for unpaid overtime and liquidated damages over the period of April 28, 2019, to August, 1, 2021; Defendant will pay $34,192.42 to Plaintiff Davidson for unpaid overtime and liquidated damages over the period of April 28, 2019, to May 31, 2021; and Defendant will pay $25,513.90 in attorney's fees. *See id.* at 2–3. In exchange, Plaintiffs agree to release Defendant from their overtime compensation claims with prejudice. *Id.* at 3.

## CERTIFICATION OF FLSA COLLECTIVE

Plaintiffs have not moved for certification of their FLSA collective action claim. "When the parties seek settlement approval of an FLSA collective action claim before seeking certification of a collective action, courts in this circuit first consider whether certification is appropriate and then whether the proposed settlement is substantively acceptable." *Kempen v. Matheson Tri-Gas, Inc.*, No. 15-CV-00660-HSG, 2016 WL 4073336, at *4 (N.D. Cal. Aug. 1, 2016); *see also Monplaisir v. Integrated Tech Grp., LLC*, No. C 19-01484 WHA, 2022 WL 1500551, at *2 (N.D. Cal. May 12, 2022) ("Most district courts in this circuit first consider whether FLSA collective members are similarly situated to each other for the purposes of final collective certification."). "For certification, the members of the FLSA collective action must be 'similarly situated' to the original plaintiffs." *Kahekili Seto v. Cnty. of San Joaquin*, No. 20-CV-01788-KJM-CKD, 2022 WL 3357504, at *1 (E.D. Cal. Aug. 14, 2022) (quoting *Campbell v. City of Los Angeles*, 903

---

[1] Magistrate Judge Stormes set a deadline of November 18, 2022, for the Parties to submit the Joint Motion. *See* ECF No. 16. The Parties missed that deadline and did not file the Joint Motion until December 2, 2022. *See* Joint Mot. Despite failing to comply with a court order, this Court, in conjunction with Magistrate Judge Stormes, has decided to rule on the Joint Motion in the interest of judicial economy.

F.3d 1090, 1109 (9th Cir. 2018)). "[P]laintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell*, 903 F.3d at 1117. Here, Plaintiffs Livingstone and Davidson are similarly situated. Both were employed by the District as battalion chiefs and were thus treated by the District as exempt from overtime compensation. *See* Joint Mot. at 2. Accordingly, the Court will *sua sponte* preliminarily certify Plaintiffs' FLSA collective. *See Hudson v. Libre Tech. Inc.*, No. 3:18-CV-1371-GPC-KSC, 2019 WL 5963648, at *7 (S.D. Cal. Nov. 13, 2019) (preliminarily certifying FLSA group after determining plaintiffs were similarly situated).

## APPROVAL OF SETTLEMENT TERMS

**I.   Legal Standard**

Claims for unpaid wages under the FLSA may only be waived or otherwise settled if settlement is supervised by the Secretary of Labor or approved by a district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). "The Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval." *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015). District courts in this circuit, however, have frequently applied a widely-used standard adopted by the Eleventh Circuit, which looks to whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1184 (E.D. Cal. 2018) (citing *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)); *see Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (establishing relevant standard).

A bona fide dispute exists when there are "legitimate questions" about the defendant's FLSA liability. *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1171–74 (S.D. Cal. 2016). There must be "some doubt . . . that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims." *Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 719–20 (E.D. La. 2008). If there is no question that the FLSA

entitles plaintiffs to the compensation they seek, then a court will not approve a settlement because to do so would allow the employer to avoid the full cost of complying with the statute. *See Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 41 (E.D.N.Y. 2014) ("Without judicial oversight . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with [FLSA].").

"To determine whether a[n] FLSA settlement is fair and reasonable, the court evaluates the 'totality of the circumstances' within the context of the FLSA framework." *Kahekili Seto v. Cnty. of San Joaquin*, No. 20-CV-01788-KJM-CKD, 2022 WL 3357504, at *2 (E.D. Cal. Aug. 14, 2022) (quoting *Selk*, 159 F. Supp. 3d at 1173). The following factors should be considered when determining whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. *See Selk*, 159 F. Supp. 3d at 1173. "If after considering these factors the court determines that the settlement reflects a reasonable compromise over issues that are actually in dispute, then the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (internal quotations omitted).

**II. Analysis**

The Court finds that the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

***A.   Bona Fide Dispute***

Several bona fide disputes exist between the parties. Defendant contends that Plaintiffs were exempt from receiving overtime pay, while Plaintiffs argue they were non-exempt. Joint Mot. at 5. Moreover, there is a factual dispute concerning how many hours went unreported on Plaintiffs' timesheets, and the Parties disagree as to whether Defendant

acted in good faith. *Id.* Such disputes evidence "legitimate questions" about Defendant's FLSA liability. *See Selk*, 159 F. Supp. 3d 1171–74.

### B.     Fair and Reasonable Settlement Terms

The Court finds that the proposed FLSA settlement is fair and reasonable under the six factors established in *Selk*.

#### 1.     Plaintiff's Range of Recovery

"[I]n comparing the amount proposed in the settlement with the amount that plaintiffs could have obtained at trial, the court must be satisfied that the amount left on the settlement table is fair and reasonable under the circumstances presented." *Selk*, 159 F. Supp. 3d at 1174. Here, the Court is so satisfied. According to the Parties, both Plaintiffs and Defendant have reviewed timesheets and payroll records and have determined that if Defendant were to prevail on all disputed issues (except the FLSA exemption issue), Plaintiffs' damages would be $33,495.10, and if Plaintiff were to prevail on all disputed issues, the Plaintiffs' damages would be $180,886.95. Joint Mot. at 6. The Parties agreed to set Plaintiffs' total damages at $73,486.10, which represents about 40 percent of the best possible recovery. The Court finds this to be an amount within the range of a reasonable result that Plaintiffs could expect to recover if the matter were to proceed to trial. *See Selk*, 159 F. Supp. 3d 1175 (collecting cases finding settlement funds ranging between 9 percent and 60 percent of best possible recovery to be reasonable). As such, this factor weighs in favor of approving the Settlement Agreement.

#### 2.     Stage of Proceedings

District courts should assess "the stage of proceedings and the amount of discovery completed to ensure the parties have an adequate appreciation of the merits of the case before reaching a settlement." *Id.* at 1177. "So long as the parties have 'sufficient information to make an informed decision about settlement,' this factor will weigh in favor of approval." *Id.* (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)). Here, the Parties state they "reached an agreement after carefully considering and analyzing the information exchanged between them," which included the relevant time

records and wage history. Joint Mot. at 7. The parties also discussed how damages should be calculated. *Id.* Such information would have been crucial in determining Plaintiffs' recovery had the Parties gone to trial; therefore, the fact that it was exchanged between the Parties shows that they were armed with sufficient information to make an informed decision about settlement. Consequently, the Court finds that this factor weighs in favor of approving the Settlement Agreement.

### 3. Seriousness of Litigation Risks

Here, the seriousness of the litigation risks weighs in favor of approval. According to the Parties, they face "substantial uncertainty in the outcome of the case should the litigation proceed to trial." Joint Mot. at 7. As discussed above, disputes exist regarding Plaintiffs' potential recovery and Defendant's potential liability. *See supra* p. 5. While Plaintiffs allege that Defendant failed to compensate them for overtime work hours, Defendant may only be held liable if Plaintiffs were paid less than what is required by the FLSA. *See Chavez v. City of Albuquerque*, 630 F.3d 1300, 1307 (10th Cir. 2011). It is also uncertain, according to the Parties, whether Plaintiffs can recover for a two-year or three-year period, as well as the extent of liquated damages that may be recovered. Joint Mot. at 7. Thus, it remains uncertain whether Defendant is liable, and, if so, the extent of its liability. Likewise, "there is a significant risk that litigation might result in a lesser recover[y] for the [collective] or no recovery at all." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015). Consequently, both Parties would face serious risk if the case were to proceed to trial.

### 4. Release Provision Scope

"Courts review the scope of any release provision in a[n] FLSA settlement to ensure that class members are not pressured into forfeiting claims, or waiving rights, unrelated to the litigation." *Selk*, 159 F. Supp. 3d at 1178. "[W]hen a[n] FLSA settlement provides that opt-in members will receive unpaid wages and related damages, but nothing more, a release provision should be limited to the wage and hour claims at issue." *Id.* Here, the Settlement Agreement provides that Plaintiffs will receive unpaid wages and damages in

exchange for settling the present claims and "releas[ing], waiv[ing] and discharg[ing] [Defendant], and its officers, agents, employees, successors and assigns from any further claims under the FLSA up to and including the Effective Date of this Agreement." Joint Mot at Ex. 1, 15. The Settlement Agreement also specifies that the release extends only to grievances "arising from or attributable to Plaintiffs' claims relating to the action that the District violated the FLSA up to and including the Effective Date of this Agreement." *Id.* The Court is satisfied that the release "does not force class members to forfeit unrelated claims, or allow [Defendant] to purchase a broad-based litigation shield in exchange for unpaid wages that class members are entitled to by statute." *Selk*, 159 F. Supp. 3d at 1179. Consequently, the Court finds that the scope of the release provision does not weigh against finding the settlement fair and reasonable.

        5.      *Experience and Views of Counsel/Opinions of Participating Plaintiffs*

"In determining whether a settlement is fair and reasonable, '[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases.'" *Selk*, 159 F. Supp. 3d at 1176 (quoting *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531, *5 (N.D. Cal. Jul. 11, 2014)). According to the Parties, they are "represented by experienced labor and employment attorneys, who have litigated numerous FLSA cases and advised clients on FLSA matters." Joint Mot. at 8. Moreover, counsel for the Parties "assert that the individual amounts are fair and reasonable based on the damage calculations, the cost of further litigation, and the risk of an adverse verdict at trial." *Id.* at 8–9. The Court finds no reason to question the experience or views of the Parties' counsel; therefore, this factor weighs in favor of approving the settlement.

The opinions of the two participating Plaintiffs have not been communicated to the Court, but neither has the Court been made aware of any objections by the Plaintiffs in this case. "[T]he lack of objections by the active members of the class weighs in favor of finding the Settlement fair and reasonable." *Selk*, 159 F. Supp. 3d at 1176.

/ / /

    6. *Possibility of Fraud or Collusion*

The Court finds no evidence that the Parties or their counsel colluded or pursued their own self-interests in reaching this settlement. The Parties aver that "settlement negotiations were at all times adversarial and agreement was reached only after the Court made a settlement recommendation based on the Parties' calculations." Joint Mot. at 9. Accordingly, the Court finds that this factor weighs in favor of approving the Settlement Agreement.

    7. *Conclusion*

Having considered the relevant factors and the representations of the Parties, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute.

 **C.** **Attorney's Fees**

"The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Typically, attorneys' fees under the FLSA are determined using the lodestar method." *Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1185 (E.D. Cal. 2018). "The lodestar is calculated by multiplying the number of hours counsel reasonably expended on the litigation by [a] reasonable[e] hourly rate for each attorney, considering regional market rates and the attorney's experience and skill." *Kelley v. City of San Diego*, No. 19-CV-622-GPC-BGS, 2021 WL 424290, at *10 (S.D. Cal. Feb. 8, 2021).

Here, the Parties' Settlement Agreement provides that Defendant will pay Plaintiffs' counsel $25,513.90 in attorneys' fees. According to the Declaration of James J. Cunningham, counsel for Plaintiffs, Mr. Cunningham worked 28.5 hours on this matter, while his paralegal, Jaclyn Salamony, worked 21.0 hours. Declaration of James J. Cunningham ("Cunningham Decl.," ECF No. 17-2) ¶ 26. A recent lodestar evaluation found a rate of $500/hour for Mr. Cunningham and $150/hour for Ms. Salamony to be

/ / /

reasonable. *See Kelley*, 2021 WL 424290, at *10. At that rate, the lodestar value totals $17,400.00. Litigation costs for this case totaled $534.23. Cunningham Decl. ¶ 23.

The award of attorneys' fees provided in the Settlement Agreement is roughly 45 percent higher than the lodestar value. On the other hand, the percentage of the settlement amount allocated to Plaintiffs' counsel in the Settlement Agreement represents roughly 25 percent of the total fund amount, which is $99,000. "The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010). Moreover, the Parties "stipulated to the above fees [] in an attempt to resolve the dispute expediently and with the Plaintiffs' best interest[s] in mind." Joint Mot. at 9. Thus, while the award of attorneys' fees provided in the Settlement Agreement exceeds the lodestar value, the award is consistent with the range of acceptable attorneys' fees in the Ninth Circuit and was agreed to by the Parties to the action. Accordingly, the Court finds that the fees requested are reasonable and appropriate, and awards the amount requested.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the Joint Motion (ECF No. 17) and **DISMISSES** the action **WITH PREJUDICE.** As this Order concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: January 9, 2023

Hon. Janis L. Sammartino
United States District Judge